## WELLING *v.* LA BAU.

*(Circuit Court, S. D. New York. August 1, 1885.)*

**1. PATENTS FOR INVENTIONS—INFRINGEMENT—DAMAGES—ACCOUNTING.**

The patented process, which the defendant was found to have infringed, consisted of the use of shellac and talc in substantially equal parts, and the accounting was confined to infringements of that combination. A sworn statement of sales, etc., was filed before the master, which the patentee impeached, and called for a supplemental statement. By leave of court, the defendant, to avoid the expense of such statement, introduced evidence in rebuttal, but the master found against him, and ordered him to produce it. *Held,* on appeal, that as the question, whether the articles made and sold by the defendant, not included in the original statement, were composed of shellac and talc in substantially equal proportions, was a complicated question of fact which depended in part upon the veracity and the credibility of

some of the witnesses, and in part upon the testimony of experts concerning the correctness of analyses of specimens of the article and the character of one of its components (fibre-white) commercially, mineralogically, and chemically, the finding of the master would not be disturbed.

2. SAME.

It is only in cases of extreme hardship to the defendant that the court will review an incidental ruling of the master, in the course of the accounting, when that ruling can be reviewed upon exceptions to his report.

In Equity. On application to review an order of the master.

At the hearing an infringement was found of reissued letters patent No. 5,940, of June 30, 1874, to William M. Welling, for a process for the manufacture of artificial ivory, and as to the patent a decree was entered for an injunction and accounting; "the injury upon the accounting to be confined to infringement, consisting of the use of shellac and talc in equal parts substantially." 12 Fed. Rep. 875.

*Frederic H. Betts* and *C. Wyllys Betts*, for plaintiff.

*Lucien Birdseye*, for defendant.

WALLACE, J. An interlocutory decree having been ordered for the complainant, adjudging the validity of his reissued letters patent, No. 5,940, and the infringement thereof by the defendant, the cause was referred to a master, to take an account of damages and profits. During the course of the hearing before the master, an order was made by the court requiring the defendant to render a statement, under oath, before the master, of all sales and deliveries of articles made by him, containing shellac and talc in composition, with the names of the persons to whom such articles were sold, and the quantity sold to each, since the thirtieth day of June, 1874; and to produce specimens of all the articles of shellac and talc in combination, made and sold by defendant since that date. Upon the production of this statement before the master, the question arose whether in the account produced all the articles which were composed of shellac and talc in substantially equal proportions were included; only such articles being an infringement of the complainant's patent. The complainant introduced evidence to show the manufacture and sale of other articles by the defendant, composed of these ingredients in the requisite proportion, and called for a supplemental statement. As the making of such a statement was likely to devolve considerable labor and expense upon the defendant, leave was granted to the defendant, by an order of this court, to introduce evidence to show that none of the articles made or sold by him, which had not been included in the former statement, were composed of shellac and talc in substantially equal proportions, in order that, if the master was satisfied that the former statement contained a full account of the sales of all infringing articles made by the defendant, the defendant might be relieved from the burden of producing the supplementary statement. Voluminous proofs were introduced by the respective parties upon this preliminary issue, and the master has made an order requiring the defendant to produce the supplementary statement. An application is now made to the court by the defendant to review that order of the master.

A careful examination of the evidence shows that the question whether the articles made and sold by the defendant, not included in the original statement, were composed of shellac and talc in substantially equal proportions, is a complicated question of fact, depending in part upon the veracity and the credibility of some of the witnesses, and in part upon the testimony of experts concerning the correctness of analyses of specimens of the article, and concerning the character of one of the components commercially, mineralogically, and chemically. What amount of talc was used involves the questions whether a certain proportion of one of the ingredients was in fact talc, or was fibre-white; and, if fibre-white, whether fibre-white, although not commercially the same thing as talc, is mineralogically and chemically the same. The question also arises whether fibre-white is an equivalent for talc. The experts differ diametrically in their testimony. The court has not the benefit of any opinion of the master, and is therefore ignorant of the theory which he has adopted. If he has found the fibre-white is merely an equivalent for talc, as it was not a known equivalent when the patent was granted, the complainant cannot predicate infringement upon its use by the defendant. If, on the other hand, he has found that it is talc, although not dealt in commercially by that name, he has determined a disputed question of fact, upon which the evidence is very conflicting. Upon the case as it is now presented, and without an opportunity of ascertaining the views and reasons of the master, the court cannot safely assume that he is mistaken. The report of the master will not be set aside as to matters of fact upon which the evidence is doubtful, or the inferences uncertain, much less where his conclusions are reached upon conflicting testimony, and involve to a greater or less degree the credibility of the witnesses.

The practice which has been pursued here is not to be commended. The regular and orderly way to test the question of the extent of the defendant's infringement, is upon exceptions to the master's report at the conclusion of the accounting. It is only in a case of extreme hardship to a defendant that the court should be asked to review an incidental ruling of the master, in the course of the accounting, which can be reviewed upon exceptions to his report. There was enough here, probably, to justify the attempt which has been made, but the hardship to the defendant is a less evil than the danger of reaching a wrong decision upon the merits. It is more judicious to require the accounting to proceed in the ordinary way. When the master's report is made, if it is excepted to, his findings of fact will appear, and the court can review them intelligently, and with a stronger probability of reaching a correct result than is now possible.

The application of the defendant is denied, and he is directed to comply with the order of the master